UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSEPH CORTEZ DAVENPORT,

       Petitioner,                            CASE NO. 07-12047
                                         HONORABLE AVERN COHN
v.
BARRY DAVIS,

       Respondent.
_____/


## MEMORANDUM AND ORDER
## DENYING PETITION FOR WRIT OF HABEAS CORPUS

### I.  Introduction

This is a habeas case under 28 U.S.C. § 2254.  Joseph Cortez Davenport,

("Petitioner"), is a state inmate who is currently confined at the Newberry Correctional

Facility in Newberry, Michigan, where he is serving three concurrent prison terms of

nine to twenty years for three counts of first-degree criminal sexual conduct, MCL

750.520b(I)(a).  Petitioner has filed a pro se petition for writ of habeas corpus claiming

that he is incarcerated in violation of his constitutional rights.  Respondent, through the

Attorney General's Office, filed a response, arguing that Petitioner's claims lack merit or

are procedurally defaulted.  For the reasons which follow, the petition will be denied.

### II.  Procedural History

Petitioner was convicted of the above offenses following a jury trial in the

Oakland County Circuit Court.

Petitioner filed an appeal of right to the Michigan Court of Appeals, presenting six

claims, including the four claims that he raises in the instant petition.  The Michigan

Court of Appeals affirmed petitioner's conviction and sentence.  People v. Davenport,

No. 259297 (Mich.Ct.App. June 1, 2006).  Petitioner filed an application for leave to

appeal in the Michigan Supreme Court in which he raised the same issues that he had

raised in his appeal of right.  The Michigan Supreme Court denied petitioner leave to

appeal.  People v. Davenport, 477 Mich. 942 (2006).

Petitioner has now filed an application for writ of habeas corpus alleging the

following:

> I. Petitioner was denied his 6th and 14th amendment rights to a fair and
> impartial trial when the prosecution introduced the sworn out of court
> statements in the trial before the jury for the specific purpose of bolstering
> the credibility of the complaining witness.
>
> II. Petitioner was denied his 6th and 14th amendment rights to be
> informed of the nature of the charges against him and to confront his
> accusers.
>
> III. Petitioner was denied his 6th and 14th amendment rights to a fair and
> impartial jury.
>
> IV. Petitioner was denied due process of law and to a fair and impartial
> trial based upon prosecutor misconduct and the cumulative effect of the
> error that were committed at the trial court level.

## III.  Facts

The Michigan Court of Appeals accurately summarized the facts leading to

Petitioner's conviction, which are presumed correct on habeas review, see Long v.

Stovall, 450 F. Supp. 2d 746, 749 (E.D. Mich. 2006), as follows:

> Defendant was convicted of sexually assaulting his cousin's girlfriend's
> daughter, aged 10 at the time of trial.  In 2003, the victim's mother was
> dating a coworker, Ezi Washington.  In the summer of 2003, defendant,
> Washington's cousin, obtained employment at the same store and was
> often at the victim's house with Washington.  The victim testified that

2

defendant, whom she referred to as "Joe-Joe," often played video and board games with her and her two siblings in her room.  The victim indicated that, in August or September 2003, when she was nine years old, she and defendant were in her room playing Playstation when defendant digitally penetrated her vagina.  The victim explained that she and defendant were lying on her bed with a blanket over them, she was lying on her stomach, and defendant put his hand in her pants, then inside her vagina, and rubbed it up and down.  The victim indicated that similar incidents of defendant digitally penetrating her vagina occurred four or five times, on different days, and that each incident occurred in her room while she and defendant were playing Playstation.

The victim testified that she did not say anything to defendant because she was afraid and did not understand what was happening.  The victim told her friend, AH, that defendant had assaulted her.  AH testified that, in the summer of 2003, after the victim told her what defendant had done, she told her mother.  In turn, AH's mother told the victim's mother, who then confronted the victim, along with Washington.  Washington then talked to defendant, who thereafter quit his job and never returned to the victim's house again.  The victim's mother did not report the matter to the police at that time.  Subsequently, when the victim visited her paternal grandmother and uncle in November 2003, she talked to her grandmother about defendant, whom she referred to as "Joe."  In turn, the victim's grandmother directed the victim's uncle to speak with the victim.  As a result of what the victim told her grandmother and uncle, the victim's uncle instructed the victim's mother to contact the police, which she did.

People v. Davenport, No. 259297 at * 1-2.

## IV.  Analysis

### A.  Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d); <u>Harpster v. State of Ohio</u>, 128 F. 3d 322, 326 (6th Cir. 1997).

     A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000).  A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

     B.  Procedurally Defaulted Claims - Claim II. and part of Claim IV.

     Respondent contends that Petitioner's second claim and a portion of Petitioner's fourth claim are procedurally defaulted because Petitioner failed to object to these errors at trial.  The Court will consider these claims together.

     Federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules.  <u>See Wainwright v. Sykes</u>, 433 U.S. 72, 85-87 (1977).  Procedural default precluding a state prisoner from seeking federal habeas relief may occur if the state prisoner files an untimely appeal, if he fails to present an issue to the state appellate court at his only opportunity to do so, or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review. <u>See Matson v. Michigan Parole Bd.</u>, 175 F. Supp. 2d 925, 927 (E.D. Mich. 2001)

4

(internal citations omitted).  A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice.  See Coleman v. Thompson, 501 U.S. 722, 750 (1991).  In Murray v. Carrier, 477 U.S. 478, 488 (1986), the Supreme Court defined cause sufficient to excuse procedural default as "some objective factor external to the defense," which precludes a habeas petitioner's ability to pursue his claim in state court.

Because Petitioner failed to preserve his second claim involving the adequacy of the information in the trial court, the Michigan Court of Appeals reviewed the claim for plain error.  Davenport, Slip. Op. at * 6.  The portion of petitioner's fourth claim alleging prosecutorial misconduct claim involving the prosecutor's questions to a witness to comment about the credibility of the victim was also reviewed for plain error, because of the fact that Petitioner failed to object.  See Davenport, Slip.Op.at * 9.

Here, the Michigan Court of Appeals clearly indicated that by failing to object at trial, Petitioner had not preserved his second claim involving the adequacy of the information and the portion of his fourth claim pertaining to the prosecutorial misconduct of impermissibly asking of a witness to comment on the credibility of the victim.  The fact that the Michigan Court of Appeals engaged in plain error review of Petitioner's claims does not constitute a waiver of the state procedural default. Seymour v. Walker, 224 F. 3d 542, 557 (6th Cir. 2000).  Instead, this Court should view the Michigan Court of Appeals' review of petitioner's claim for plain error as enforcement of the procedural default.  Hinkle v. Randle, 271 F. 3d 239, 244 (6th Cir.

5

2001).  Petitioner's second and a portion of his fourth claim are therefore procedurally defaulted.

As to overcoming the procedural default, ineffective assistance of counsel can establish cause to excuse a procedural default.  However, for ineffective assistance of counsel to constitute cause to excuse a procedural default, that claim itself must be exhausted in the state courts.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000). Petitioner did raise a claim with the state courts involving trial counsel's ineffectiveness for failing to challenge or to remove by peremptory challenge a juror who had been sexually assaulted (*See* Issue III, infra).  However, Petitioner did not raise a claim in the state courts regarding counsel's failure to object to the adequacy of the information or to the prosecutor's improper questions to the witness about the credibility of the victim.

Because Petitioner never raised in the Michigan courts a specific claim about trial counsel's failure to object to the adequacy of the information or to the prosecutorial misconduct, the alleged ineffectiveness of counsel cannot constitute cause to excuse Petitioner's default with respect to his procedurally defaulted claims. See Wolfe v. Bock, 412 F. Supp. 2d 657, 684 (E.D. Mich. 2006).  Because Petitioner has not demonstrated any cause for his procedural default, it is unnecessary for this Court to reach the prejudice issue.  Smith v. Murray, 477 U.S. at 533.  Additionally, Petitioner has not established that a fundamental miscarriage of justice has occurred.  The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent.  Schlup v. Delo, 513 U.S. 298, 326-27 (1995).  "'[A]ctual innocence' means factual innocence, not mere

6

legal insufficiency."  Bousley v. United States, 523 U.S. 614, 624 (1998).  "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial."  Schlup, 513 U.S. at 324.  Because Petitioner has not presented any new reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur by declining to review his defaulted claims on the merits.

### C.  Remaining Claims

#### 1.  Claim I. - Out-of-Court Statements

In Petitioner's first claim, he alleges that the prosecution introduced out-of-court statements before the jury for the specific purpose of bolstering the credibility of the victim.  The statements consist of prior consistent statements made by the victim to her grandmother, uncle, and a friend regarding defendant as well as a statement by a police officer regarding the victim's demeanor, i.e. that she was upset and crying at the time he went to obtain a report and could not get a statement from her.  At trial, defense counsel did not object to the admission of the uncle's or police officer's statement.  The Michigan Court of Appeals reviewed the statements and found no reversible error.

Out-of-court statements that are testimonial in nature are barred by the Sixth Amendment Confrontation Clause unless the witness is unavailable and the defendant has had a prior opportunity to cross-examine the witness, regardless of whether such statements are deemed reliable by the court.  See Crawford v. Washington, 541 U.S. 36 (2004).  However, "when the declarant appears for cross-examination at trial, the

Confrontation Clause places no constraints at all on the use of his prior testimonial statements." Id., 541 U.S. 59, n. 9 (citing California v. Green, 399 U.S. 149, 162 (1970)).

Here, because the victim testified at trial and was available for cross-examination, the admission of her out-of-court statements to her grandmother, uncle and AH (her friend) did not violate petitioner's Sixth Amendment rights. See United States v. Ricks, 166 Fed. App'x. 37, 38 (4th Cir. 2006).

In addition, the Supreme Court has clarified that the Confrontation Clause is not implicated, and thus does not need not be considered, when non-testimonial hearsay is at issue. See Davis v. Washington, 126 S. Ct. 2266, 2274 (2006). Testimonial statements do not include remarks made to family members or acquaintances, business records, or statements made in furtherance of a conspiracy. Crawford, 541 U.S. at 51-52, 56. Because the victim made these statements to her grandmother, uncle and friend, they were non-testimonial in nature and their admission did not violate petitioner's Confrontation Clause rights. See United States v. Peneaux, 432 F. 3d 882, 896 (8th Cir. 2005)(statements that sibling made to foster parents with regard to burn marks on his body were not testimonial, for purpose of defendant's Confrontation Clause claim in his trial on charges of assault with dangerous weapon and assault resulting in serious bodily injury on other child). Furthermore, the victim testified at trial and her testimony was corroborated by AH (her friend) who also testified at trial. As to the police officer, the record shows that the victim did not answer any of his questions; thus, there were no testimonial statements made by the victim to the officer. Overall, Petitioner is not entitled to habeas relief on his first claim.

8

2.  Claim III. - Right to a Fair and Impartial Jury

Petitioner's third claim alleges that his trial counsel was ineffective for failing to challenge a juror during voir dire (for cause or excuse him on a peremptory basis) when the juror admitted a possible bias stemming from being a sexual assault victim as a child.

To prevail on his ineffective assistance of counsel claims, Petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, Strickland v. Washington, 466 U.S. 668 (1984).  See Cathron v. Jones, 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002).  Strickland established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense.  Strickland, 466 U.S. at 687.  A petitioner is entitled to habeas relief on his or her ineffective assistance of counsel claim if he or she can satisfy both prongs of the Strickland test.  See Hall v. Vasbinder, 551 F.Supp.2d 652, 672 (E.D. Mich. 2008).

The Michigan Court of Appeals rejected this claim, noting that the juror indicated that he could and would decide the case solely on the evidence presented in court. People v. Davenport, Slip. Op. at * 8.  The court of appeals also indicated that it was not apparent from the record that defense counsel lacked a sound strategic reason for retaining the juror or that it affected the outcome of the proceedings.  Id.  Finally, the court of appeals noted that defense counsel challenged two other jurors who were victims of sexual assault and indicated that they could not set aside their personal experiences and decide the case fairly.  Id.

9

Petitioner has failed to show that he was prejudiced by trial counsel's failure to use peremptory challenges to remove this juror, in light of the fact that the juror stated that he could be fair and impartial in deciding Petitioner's case.  Because Petitioner has failed to show that this juror who sat on his case had an actual bias towards him, he has failed to show that he was prejudiced by counsel's decisions regarding the exercise of peremptory challenges.  The Michigan Court of Appeals' similar conclusion is a reasonable application of Strickland.  Petitioner's third claim is therefore without merit.

### 3.  Claim IV. - Prosecutorial Misconduct

Finally, Petitioner claims that he was deprived of a fair trial by prosecutorial misconduct.

When a petitioner seeking habeas relief makes a claim of prosecutorial misconduct, the reviewing court must consider that the touchstone of due process is the fairness of the trial, not the culpability of the prosecutor.  On habeas review, a court's role is to determine whether the conduct was so egregious as to render the entire trial fundamentally unfair.  Serra v. Michigan Department of Corrections, 4 F. 3d 1348, 1355-56 (6th Cir. 1993).  In evaluating prosecutorial misconduct in a habeas case, consideration should be given to the degree to which the challenged remarks had a tendency to mislead the jury and to prejudice the accused, whether they were isolated or extensive, whether they were deliberately or accidentally placed before the jury, and, except in the sentencing phase of a capital murder case, the strength of the competent proof against the accused.  Id.

Petitioner claims that the prosecutor denigrated defense counsel in her rebuttal

10

argument, when she stated:

> "I don't know where the inconsistency was.  I didn't see it.  Maybe you all, with twelve minds, when you go back in there will remember it better than I do.
>
> But I just didn't see any inconsistency.  I saw, again, that the role of a defense attorney going down that path and trying to make things seem as if they are not.."

The Michigan Court of Appeals concluded that any impropriety did not warrant reversal because after the prosecutor's statements, defense counsel objected, and the trial court instructed the prosecutor to "move on."  Id. at *7.  Defense counsel did not request any further action by the trial court and the prosecutor did not discuss the matter further.  Moreover, the court of appeals noted that the trial court's final instructions to the jury included an instruction that the lawyer's comments are not evidence.

The Sixth Circuit has held that "[a] prosecutor commenting that the defense is attempting to trick the jury is a permissible means of arguing so long as those comments are not overly excessive or do not impair the search for the truth."  Brown v. McKee, 231 Fed. App'x. 469, 480 (6th Cir. 2007)(quoting United States v. August, 984 F.2d 705, 715 (6th Cir. 1992)).  Thus, the prosecutor's isolated comments in closing argument that the defense was attempting to trick the jury is not an improper disparagement of defense counsel.

Moreover, even if the prosecutor's comments about Petitioner's defense were improper, they were not flagrant enough to justify habeas relief.  The prosecutor's comments were not so incendiary so as to inflame the jury's passion or distract them from determining petitioner's guilt or innocence.  Moreover, the trial court instructed the

11

jury that the lawyers' arguments were not evidence.  The prosecutor's remarks were relatively isolated, were not extensive, and were only a small part of a closing argument that focused heavily on summarizing the evidence presented at trial.  When combined with the instruction from the trial judge that the attorneys' arguments, questions, and statements were not evidence, the prosecutor's comments did not render the entire trial fundamentally unfair.  Id. at 533.  The Michigan Court of Appeals' conclusion is reasonable.  Petitioner is therefore not entitled to habeas relief on this ground.

## V.  Conclusion

For the reasons stated above, the petition for writ of habeas corpus is DENIED. This case is DISMISSED.

SO ORDERED.


Dated:  April 7, 2009                          s/Avern Cohn_____
                                                     AVERN COHN
                                                     UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed Joseph Davenport 511801, Newberry Correctional Facility, 3001 Newberry Avenue, Newberry, MI 49868 to and the attorneys of record on this date, April 7, 2009, by electronic and/or ordinary mail.


                                                     s/Julie Owens_____
                                                     Case Manager, (313) 234-5160